UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MACKENZIE-CHILDS, LTD.,

                    Plaintiff,                    **DECISION**

        v.                                        **and ORDER**

VICTORIA MACKENZIE-CHILDS, RICHARD
MACKENZIE-CHILDS and V&R EMPRISE, LLC,            06-CV-6107T


                    Defendants.
_____

VICTORIA MACKENZIE-CHILDS, RICHARD
MACKENZIE-CHILDS,

                    Plaintiff,

        v.

PLEASANT ROWLAND, MACKENZIE-CHILDS, LTD.,
MCL ACQUISITION CORPORATION, MCNY
ACQUISITION CORPORATION AND MACKENZIE-CHILDS
OF NEW YORK, LTD.


                    Defendants.
_____

## INTRODUCTION

        Plaintiff MacKenzie-Childs, Ltd., a manufacturer and seller of
ceramic goods and housewares, brings this action pursuant to the
Lanham Act and New York state law claiming that the defendants
Victoria MacKenzie-Childs and Richard MacKenzie-Childs, and V&R
Emprise, Ltd., have, _inter_ _alia_, infringed plaintiff's trademarks
and engaged in unfair competition.  Specifically, plaintiff
contends that it is the owner of the trademarks "Victoria and
Richard MacKenzie-Childs," "Victoria and Richard MacKenzie-Childs,
Ltd.," "MacKenzie-Childs, Ltd.," and a stylized logo featuring a

thistle.[1]   Plaintiff alleges that the defendants, (who are competing manufacturers and sellers of ceramic goods and household items) are infringing upon its marks by using the names "Victoria and Richard MacKenzie-Childs," "Victoria and Richard", "The Original MacKenzie-Childs," and the name "V&R Emprise" with a logo featuring a thistle.

Defendants deny that the plaintiff owns trademark rights to the names "Victoria and Richard MacKenzie-Childs," "Victoria and Richard MacKenzie-Childs, Ltd.," or "MacKenzie-Childs," and therefore claim that they have not infringed upon plaintiff's marks.  Defendants also claim that because their logo is distinct from the plaintiff's logo, it does not infringe plaintiff's mark. Defendants further contend that they own the rights to the mark "MacKenzie-Childs" and that the plaintiff, and third-party defendants, are infringing upon that mark.

Before the court are several motions.  Plaintiff, and third-party defendants Pleasant Rowland and MacKenzie-Childs of New York, Ltd., move for partial summary judgment dismissing all of defendants' counterclaims.  Plaintiff further moves for summary

---

[1] Although plaintiff's Complaint alleges that it is the owner of trademarks incorporating the name "McKenzie-Childs," (with the name "MacKenzie" being spelled without an "a") it is clear from the record (and the plaintiff's corporate name "MacKenzie-Childs, Ltd.,") that the correct spelling of the name "MacKenzie" is with an "a". Accordingly, the Court presumes that plaintiff's alleged marks incorporate the correct spelling of the name "MacKenzie."

judgment on its claim of trademark infringement, and for a permanent injunction permanently enjoining the defendants from using the marks "MacKenzie-Childs," "Victoria and Richard Mackenzie-Childs," "Victoria and Richard," and the thistle logo used by V&R Emprise.

Defendants oppose the plaintiff's motion, and move for partial summary judgment with respect to their claims under the Visual Artist Rights Act; New York Civil Rights Law and General Business Law. Defendants also seek judgment in their favor on their common law claims of unfair competition, defamation, and tortious interference with business relationships.

## BACKGROUND

In 1974, Defendants Richard Childs ("Richard") and Victoria MacKenzie ("Victoria") married. In 1983, they began making and selling ceramic goods of their own design. In 1985, the couple decided to incorporate their business, and incorporated under the name "Victoria and Richard MacKenzie-Childs, Ltd." ("the Company") Sometime thereafter, the Company registered two trademarks: "Victoria and Richard MacKenzie-Childs, Ltd." and "MacKenzie-Childs, Ltd. 1983 Aurora New York." The Company also registered the mark "MacKenzie-Childs, Ltd. Aurora New York MC 1983." By 1995, the Company decided to stop using the first names of Victoria and Richard in the Company's logos, and in that same year, abandoned the trademark "Victoria and Richard MacKenzie-Childs,

Ltd." According to the defendants, the Company's products did not bear any mark using the first names of Victoria and Richard after 1995.

In 1999, Richard and Victoria incorporated a second company, "MacKenzie-Childs, NY, Ltd." In the late 1990's, Victoria and Richard MacKenzie-Childs, Ltd. and MacKenzie-Childs, NY, Ltd. ("The Companies") experienced a downturn in business, and in 2000, the Companies were several million dollars in debt. According to the defendants, the bank which held most of the Companies' debt installed a new President of the Companies, MacDonell Roehm, Jr. ("Roehm"), and shortly thereafter, Roehm, against the wishes of Richard and Victoria, began looking for ways to reorganize the Companies and  limit the bank's losses.

According to the defendants, Roehm approached Third-Party Defendant Pleasant Rowland ("Rowland") to determine whether or not she was interested in investing in the Companies.  Thereafter, according to the defendants, Rowland purchased (at a discount) the Companies' debt from the bank, and, on the same day that she purchased the debt, called the Companies' loan.  Because the Companies were unable to repay the debt, they were forced into bankruptcy.

With the Companies in bankruptcy, Rowland created two acquisition companies, and through those companies, made an offer to purchase the assets of the Companies.  The purchase offer was

accepted by Roehm and approved by the bankruptcy court.  Shortly after the asset sale was completed, Roehm took a position with Rowland's new Company which had purchased the Companies' assets.

Pursuant to the terms of the asset sale, the Companies agreed to sell, inter alia, "All Intellectual Property . . . and all goodwill associated with the foregoing. . . ."  Asset Purchase Agreement at p. 2.  "Intellectual Property" is defined in the Asset Purchase Agreement in relevant part as

> mean[ing] all intellectual property, including, without limitation, . . . all trademarks, service marks, trade dress, logos, trade names, brand names and corporate names (including, without limitation, the name "MacKenzie-Childs", and all derivatives thereof), together with all translations, adaptations, derivations, and combinations thereof and including all good will associated therewith, and all applications, registrations, and renewals in connection therewith . . . .

Asset Purchase Agreement at p. 37.

Following the completion of the sale of the Companies' assets, Rowland renamed her acquisition companies MacKenzie-Childs, Ltd., and MacKenzie-Childs of New York, Ltd.  The company formerly known as Victoria and Richard MacKenzie-Childs, Ltd. was renamed MC Aurora, Ltd., and the company formerly know as MacKenzie-Childs, NY, Ltd. was renamed MC Madison, Ltd.

According to the defendants, following the sale of the assets of the Companies, Rowland offered Victoria and Richard $10,000,000 not to compete with Rowland's companies, and not to use their name

in competition with her companies.  Richard and Victoria declined Rowland's offer, and defendants claim that as a result, Rowland (who owned much of the couples' personal debt) called Richard and Victoria's personal loans, and thereby caused Richard and Victoria to file for bankruptcy protection.  Richard and Victoria contend that Rowland purchased many of the couples' personal assets and property in the bankruptcy proceeding.

In 2005, Richard and Victoria decided to reenter the ceramics business, and incorporated a company known as V&R Emprise, LLC. V&R Emprise branded its products with a logo consisting of the names "Victoria and Richard" and an emblem design incorporating a torch bearing stylized "V" and "R" initials and the word "emprise, and a thistle.  V&R Emprise filed trademark applications for the logos, which plaintiff has opposed.

On February 22, 2006, Plaintiff Mackenzie-Childs, Ltd. filed suit against Richard and Victoria, and V&R Emprise, LLC., claiming that the defendants are infringing upon their trademarks. Plaintiff seeks an injunction prohibiting the defendants from using the names "MacKenzie-Childs," "Victoria and Richard MacKenzie-Childs," "Victoria and Richard," and the thistle design used by V&R Emprise.

On May 22, 2006, defendants filed a counterclaim against plaintiff, Pleasant Rowland, and MacKenzie-Childs of New York, Ltd., claiming that the plaintiff/counterclaim defendants do not

own rights to the name "MacKenzie-Childs" or "Richard and Victoria MacKenzie-Childs, Ltd.," and as a result, are liable to the defendants under a host of federal and state laws, and common-law causes of action.  Specifically, defendants contend that because they cancelled their trademark "Richard and Victoria MacKenzie-Childs, Ltd.," in 1995, the trademark was not an asset of the company that could be sold as part of the Asset Purchase Agreement. Defendants further contend that the name "MacKenzie-Childs" cannot be used by the plaintiff/counterclaim-defendants because the original Companies did not have a trademark for that name, and accordingly, could not convey it in the Asset Purchase Agreement.

## **DISCUSSION**

### I.   Motions for Summary Judgment Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to

the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

    II.   Plaintiff's Motion for Summary Judgment

    A.   Trademark Infringement

Plaintiff alleges that it is the owner of the marks "Richard and Victoria MacKenzie-Childs, Ltd.", "MacKenzie-Childs, Ltd. 1983 Aurora New York", and "MacKenzie-Childs".  Plaintiff alleges that defendants have infringed these marks in connection with their attempts to reenter the ceramic and housewares market under the corporate name "V&R Emprise" and by using the trademark "Victoria and Richard".

To establish a claim of trademark infringement under the Lanham Act, a plaintiff must demonstrate that "'it has a valid mark entitled to protection and that the defendant's use of it is likely to cause confusion.'" Arrow Fastener Co. v. Stanley Works, 59 F.3d 384, 390 (2nd Cir. 1995)(quoting Gruner + Jahr USA Publishing v. Merideth Corp., 991 F.2d 1072, 1075 (2nd Cir. 1993).

In the instant case, plaintiff contends that it is the rightful owner of the valid marks "Richard and Victoria MacKenzie-Childs, Ltd.", "MacKenzie-Childs, Ltd. 1983 Aurora New York", and "MacKenzie-Childs", and that it is the owner of the corporate names Victoria and Richard MacKenzie-Childs, Ltd. and MacKenzie-Childs,

NY, Ltd.   In support of this contention it relies on the terms of the asset purchase agreement which provides that the plaintiff purchased "all intellectual property, including, without limitation, . . . all trademarks, service marks, trade dress, logos, trade names, brand names and <u>corporate names</u> (<u>including, without limitation, the name "MacKenzie-Childs", and all derivatives thereof</u>) . . . ." (emphasis added).

While it is undisputed that the plaintiff owns the trademark "MacKenzie-Childs, Ltd. 1983 Aurora New York", "MacKenzie-Childs, Ltd. Aurora New York MC 1983." and the corporate names "Victoria and Richard MacKenzie-Childs, Ltd." and "MacKenzie-Childs, NY, Ltd.", defendants claim that the plaintiff is not the rightful owner of the trademarks "Richard and Victoria MacKenzie-Childs, Ltd." or "MacKenzie-Childs".   In support of their argument, they contend that the original Companies abandoned the use of the trademark "Richard and Victoria MacKenzie-Childs, Ltd." prior to 1995, and therefore, that name was not, and could not have been sold to the plaintiff in the asset purchase sale.   Defendants further allege that the name "MacKenzie-Childs" was never trademarked and is not a corporate name, and accordingly, the plaintiff did not purchase, nor may it use, that name.

It is axiomatic that the owner of a trademark may abandon the mark.   Pursuant to the Lanham Act, a trademark is abandoned when the trademark holder discontinues use of the mark with the intent

not to continue using it.   15 U.S.C. § 1127.   A trademark is presumptively abandoned if the mark has not been used for three or more consecutive years.   Moreover, the trademark owner may expressly abandon a mark by cancelling the mark.   See Defiance Button Machine Co. v. C & C Metal Products, 759 F.2d 1053, 1059 (2nd Cir.1985).   A trademark that is abandoned may not be conveyed to another.   An abandoned trademark is not capable of assignment. Money Store v. Harris Corp. Finance, Inc., 689 F.2d 666 (7th Cir. 1982)(citing Avon Shoe Co. v. David Crystal, Inc., 171 F.Supp. 293 (S.D.N.Y. 1959), aff'd, 279 F.2d 607 (2d Cir. 1960), cert. denied, 364 U.S. 909).

Here the evidence in the record suggests that the original companies abandoned the trademark "Richard and Victoria MacKenzie-Childs, Ltd." in 1995 when it cancelled the mark, and when it stopped using the mark.   If in fact the mark was abandoned, then the original Companies could not have conveyed that mark in the asset sale.   Although there is no evidence in the record to suggest that the mark was not abandoned, because there has been no discovery on the issue, the court can not say, at this stage, as a matter of law, that the mark was abandoned.   I therefore deny plaintiff's motion for summary judgment seeking a declaration that it is the owner of the mark "Victoria and Richard MacKenzie-Childs, Ltd.".   Because there is no dispute that the plaintiff purchased the trademark "MacKenzie-Childs, Ltd. 1983 Aurora New York" and

"MacKenzie-Childs, Ltd. Aurora New York MC 1983." in the 2001 asset purchase sale, I grant plaintiff's motion for summary judgment seeking a declaration that it is the owner of those trademarks.

With respect to the purported trademark "MacKenzie-Childs", defendants allege that because the name "MacKenzie-Childs" was neither trademarked by the original Companies, nor the corporate name of either of the Companies, that name, as a matter of law, could not have been conveyed to the plaintiff in the 2001 asset sale, and therefore the plaintiff and counterclaim defendants do not have the right to use that trademark, nor prohibit the defendants from using that trademark.

There is no evidence in the record to suggest that the original Companies ever trademarked the name "MacKenzie-Childs" standing alone, nor is there any evidence to suggest that either Richard or Victoria, as individuals, authorized any entity to use the name "MacKenzie-Childs" standing alone.  Accordingly, despite the fact that the asset purchase agreement purported to sell the name "MacKenzie-Childs" to the plaintiff, there is no evidence in this record to suggest that the original Companies had the authority to convey that trademark.

While plaintiff alleges that "Victoria and Richard voluntarily transferred, [in the asset sale] for due consideration the right to use the intellectual property of their company, including their names . . . ." See Plaintiff's Memorandum of Law in Support of its

Motion for Summary Judgment at p. 16, that contention is not correct, as neither Richard nor Victoria were the "sellers" in the asset sale.  Rather, the companies (which were no longer under the control of Richard or Victoria) were the sellers, and Richard and Victoria did not receive <u>any</u> consideration in the sale. Because Richard and Victoria, as individuals, did not sell their names, and there is no evidence in the record before the court indicating that the original Companies had the right to sell the name "MacKenzie-Childs,  I deny plaintiff's motion for summary judgement seeking a declaration that it is the owner of the trademark "MacKenzie-Childs."

Plaintiff's allegation that the thistle design used by defendants infringes on plaintiff's trademark, presents a question of fact that makes it inappropriate for resolution on a motion for summary judgment.  There are questions of fact as to whether or not the designs are similar and/or confusing.  Accordingly, I deny plaintiff's motion for summary judgment with respect to the thistle design.

B.   <u>Misrepresentation under 15 U.S.C. § 1125a</u>

Defendants contend in the Second Cause of Action of their Counterclaim that the Plaintiff, by using the mark "MacKenzie-Childs" has misrepresented the source of the goods it creates, and has tried to create the impression that its goods are made by Richard and Victoria, all in violation of 15 U.S.C. § 1125a.

Plaintiff and Counterclaim defendants move for summary judgment dismissing this claim.

15 U.S.C. § 1125a provides in relevant part that:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Plaintiff moves for summary judgment against the defendants with respect to this claim on grounds that plaintiff owns the trademark names at issue, and therefore cannot be liable for using the trademarked names in commerce. Because I have granted plaintiff's motion for a declaratory judgment that it is the owner of the marks "MacKenzie-Childs, Ltd. 1983 Aurora New York" and "MacKenzie-Childs, Ltd. Aurora New York MC 1983" I find that use of those names does not constitute misrepresentation. However, there

is a question as to whether or not plaintiff has the right to the mark "MacKenzie-Childs" standing alone, and I decline to grant plaintiff's motion for summary judgment with respect to the use of the mark "MacKenzie-Childs".

    C.   <u>Visual Artist Rights Act</u>

Defendants Richard and Victoria claim in the Third and Fourth Causes of Action of their Counterclaim that the plaintiff and counterclaim defendants have used Richard and Victoria's names on works of art which were not created by them, and by so doing, have violated the Visual Artists Rights Act.  Richard and Victoria further contend that the plaintiff and counterclaim defendants have intentionally mutilated, distorted, or otherwise modified their works of art in violation of the Visual Artists Rights Act.

Section 106A of the Visual Artists Rights Act ("VARA") provides in relevant part that:

> the author of a work of visual art . . . shall have the right . . . to prevent the use of his or her name as the author of any visual work of art which he or she did not create . . . [and] shall have the right to prevent the use of his or her name as the author of a visual work of art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to his or her honor or reputation; and . . . subject to [certain] limitations . . . shall have the right to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right . . . .

17 U.S.C. § 106A.  Accordingly, to state a claim under VARA, a plaintiff must first establish that he or she is the author of a visual work of art.  A "work of visual art" is defined in relevant part as:

> a painting, drawing, print, or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author, or, in the case of a sculpture, in multiple cast, carved or fabricated sculptures of 200 or fewer that are consecutively numbered by the author and bear the signature or other identifying mark of the author . . . .

17 U.S.C. § 101.

Plaintiff and the counterclaim defendants move for summary judgment against Richard and Victoria with respect to their claims under the Visual Artists Rights Act on grounds that the defendants have failed to allege that plaintiff has used the defendants' names on any work of visual art, and further contend that such an allegation would be impossible, because plaintiff and the counterclaim defendants have not created any works of visual art as that term is defined under VARA.

I find, however, that Richard and Victoria have stated a cause of action under VARA, and that summary judgment with respect to their VARA counterclaims is premature.  Richard and Victoria, consistent with the notice-pleading provisions of Rule 8 of the Federal Rules of Civil Procedure, have alleged that they are the authors of works of visual art as defined by VARA.  <u>See</u> Answer and

Counterclaim at ¶ 92.  Richard and Victoria have further alleged that they object to the plaintiff and counterclaim defendants' use of their names on works of art which they did not create, and that the plaintiff and counterclaim defendants have modified their works of art without permission, and to their detriment. <u>See</u> Answer and Counterclaim at ¶¶ 93, 94, 97, 98.  Such claims state a cause of action under VARA.

With respect to the plaintiff and counterclaim defendants' claims that Richard and Victoria have never produced works of visual art as that term is used in VARA, this court cannot make such a finding as a matter of law given the fact that no discovery has taken place on the issue.

Plaintiff and counterclaim defendants further contend that because the works of art, if any, that were created by Richard and Victoria were works for hire, they cannot be considered works of visual art under VARA.  Again, however, this contention is premature, as there has been no discovery on this issue. Accordingly, I deny without prejudice plaintiff and counterclaim defendants' motion for summary judgment with respect to Richard and Victoria's claims under VARA.

D.   New York Civil Rights Law and Section 133 of the New York <u>General Business Law</u>.

In the Fifth and Sixth Causes of Action of their Counterclaim, Richard and Victoria allege that the plaintiff and counterclaim defendants' use of the name "MacKenzie-Childs" violates their

rights under Sections 50 and 51 of the New York Civil Rights Law and Section 133 of the New York Business Law.

Section 50 of the New York Civil Rights Law provides in relevant part that "A person, firm or corporation that uses for advertising purposes or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person ... is guilty of a misdemeanor." Section 51 of the Civil Rights Law creates a private right of action for alleged violations of § 50. Section 133 of the General Business Law provides in relevant part that:

> No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation . . . .

N.Y. Gen Bus. Law. § 133.

Plaintiff argues that it is entitled to use the name "MacKenzie-Childs" because it purchased that right in the asset sale. However, for the reasons set forth above, I find that it is not clear from the record that the original companies had the authority to convey the name "MacKenzie-Childs" to the plaintiff,

nor is it clear that Richard or Victoria authorized the original companies to use the name "MacKenzie-Childs." Because Richard and Victoria, as individuals, did not sell the use of the name "MacKenzie-Childs" to the plaintiff, and because there is no evidence in the record before the court indicating that as a matter of law the original Companies had the right to sell the name "MacKenzie-Childs," I find that Richard and Victoria have stated a claim under Sections 50 and 51 of the New York Civil Rights Law and Section 133 of the New York General Business Law, and therefore, I deny plaintiff's motion for summary judgment with respect to these claims.

   E.   <u>Misappropriation, Unfair Competition, Deceptive Acts, and
        False Advertising</u>

Defendants, in the Seventh Cause of Action of their Counterclaim, contend that the plaintiff and counterclaim defendants have misappropriated the name "MacKenzie-Childs" and have unlawfully used that name in connection with their business. Defendants' Eighth Counterclaim alleges that the plaintiff and counterclaim defendants' use of the trademark "MacKenzie-Childs" constitutes unfair competition pursuant to Section 360-l of the New York General Business Law. Defendants' Ninth Counterclaim alleges that the plaintiff and counterclaim defendants' use of the trademark "MacKenzie-Childs" constitutes a deceptive business practice under Section 349 of the New York General Business Law. Defendants' Tenth Counterclaim alleges that the plaintiff and

counterclaim defendants engaged in false advertising by using the name "MacKenzie-Childs" in commerce in violation of Section 350 of the New York General Business Law.

Plaintiff and counterclaim defendants contend that because they own the trademark "MacKenzie-Childs," they possess the lawful right to use that name. Accordingly, the plaintiff and counterclaim defendants seek summary judgment against the defendants with respect to the Seventh, Eighth, Ninth and Tenth Causes of Action set forth in defendants' Counterclaims.

As stated above, however, it is not clear at this early stage of the litigation whether or not the Companies had the authority to sell the name "MacKenzie-Childs." As a result, it can not be said as a matter of law that the plaintiff's use of the name "MacKenzie-Childs" is lawful. Additionally, defendants have stated a claim under Section 349 of the New York General Business Law in that the Complaint, when read as a whole, alleges that the plaintiff and counterclaim defendants have engaged in deceptive business practices that have harmed the public. Although the plaintiff alleges that the public has not been harmed by any of its alleged acts, that question is unsuitable for resolution at this stage of the litigation, prior to any discovery on the issue. I therefore deny plaintiff's motion for summary judgment with respect to Counterclaims Seven, Eight, Nine, and Ten.

F.   <u>Defamation</u>

Richard and Victoria allege in their Eleventh Cause of Action that the plaintiff's use of the name "MacKenzie-Childs" on work that was not created by either Richard or Victoria (and which in the opinion of Richard and Victoria is inferior) suggests that Richard and Victoria designed those works, and therefore constitutes a defamation of them by the plaintiff.

To state a claim of defamation under New York law, a plaintiff must allege the existence of "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and, it must either cause special harm or constitute defamation per se." <u>Dillon v. City of New York</u>, 704 N.Y.S.2d 1, 5 (N.Y.A.D. 1 Dept.,1999).

Richard and Victoria's allegations fail to set forth statements that are false or constitute fault.  Accordingly, this claim is dismissed without prejudice.

G.   <u>Tortious Interference with Contract</u>

Defendants' Twelfth Cause of Action alleges that the plaintiff and counterclaim defendants have tortiously interfered with their business relationships by threatening the defendants' clients, and attempting to induce those clients not to sell the defendants' goods.

To state a claim for tortious interference with business relations, the plaintiff must show: (1) business relations with a

third party; (2) interference with those relations; (3) that the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) injury to the plaintiff. Scutti v. Park Place Entertainment Corp., 322 F.3d 211, 215 (2003).  In this case, the defendants/counterclaim-plaintiffs have made such allegations.

Plaintiff moves for summary judgment against the defendants on grounds that it was justified in its actions because it was attempting to enforce its rights as the rightful owner of its trademarks, and because it did not have a wrongful purpose for contacting the defendants' clients, it can not be held liable for tortious interference.  Because however, there has been no discovery with respect to this issue, I decline to hold as a matter of law that the plaintiff did not have a wrongful purpose in contacting the defendants' clients and deny plaintiff's motion for summary judgment.

H.  Fraud on the Trademark Office and Cancellation of Trademarks.

Defendants' Thirteenth Counterclaim seeks a declaration from this Court preventing the trademark office from issuing the trademark "MacKenzie-Childs" to the plaintiff.  According to the Counterclaim, the plaintiff fraudulently failed to inform the trademark office that the name "MacKenzie-Childs" is the name of living persons, and that those living persons object to the use of their names by the plaintiff.

Defendants' Fourteenth Counterclaim seeks a cancellation of the trademarks "MacKenzie-Childs, LTD. Aurora, New York MC 1983" and "MacKenzie-Childs, LTD. 1983 Aurora, New York" on grounds that the plaintiff has used those marks in an intentionally deceptive way.

Plaintiff moves for summary judgment against the defendants on grounds that it owns the marks "MacKenzie-Childs, LTD. Aurora, New York MC 1983" and "MacKenzie-Childs, LTD. 1983 Aurora, New York," and that it purchased the right to use the mark "MacKenzie-Childs."

As stated previously in this Decision, there is a dispute as to the ownership of the name "MacKenzie-Childs," accordingly, I decline to grant plaintiff's motion for summary judgment dismissing this claim.  Additionally, while it is undisputed that plaintiff is the owner of the marks "MacKenzie-Childs, LTD. Aurora, New York MC 1983" and "MacKenzie-Childs, LTD. 1983 Aurora, New York," there has been no discovery with respect to the defendants' claim that plaintiff has used these marks to intentionally deceive the public. Accordingly, I deny plaintiff's motion for summary judgment with respect to this claim.

III. <u>Defendants' motion for Summary Judgment</u>

Defendants move for partial summary judgment against the plaintiff and counterclaim defendants and seek an order that they are entitled to use the trade name "Victoria and Richard." Defendants claim that the plaintiff and counterclaim defendants do

not own any mark that incorporates the names "Victoria" or "Richard," and that because the marks are sufficiently distinct from the marks owned by the plaintiff, the trade name "Victoria and Richard" does not infringe any mark owned by the plaintiff. Plaintiff contends that it owns the rights to the mark "Victoria and Richard MacKenzie-Childs, Ltd.," either by purchasing it in the asset sale or through continuing goodwill, and that the mark "Victoria and Richard" is confusingly similar to its mark.

I find that there are questions of fact that preclude granting defendants' motion for summary judgment at this early stage of the litigation, prior to the initiation of discovery. However, pursuant to defendants' request for "other and further relief which as to the Court may seem just, proper and equitable" (See Defendants' Notice of Cross Motion, docket item no. 27)[2] I hereby issue a preliminary injunction maintaining the status quo with respect to defendants' use of the mark "Victoria and Richard", and the thistle and torch logo, and enjoin plaintiff from interfering with the defendants' continued use of the mark "Victoria and Richard".

---

[2] See also Memorandum of Law in Support of Defendants and Counterclaim Plaintiffs' Motion for Partial Summary Judgement and in Opposition to Plaintiff's and Counterclaim Defendants' Motion For Summary Judgement at 9-10 ("Victoria and Richard are clearly entitled to a ruling finding that they, and only they, are owners of all trademark rights as to the mark "Victoria and Richard" and enjoining plaintiff from interfering with Victoria and Richard's use of said mark.")

Although the evidence in the record strongly suggests that the plaintiff does not own the mark, "Victoria and Richard MacKenzie-Childs, Ltd." such a finding can not be made conclusively at this time because discovery is needed to determine whether or not the mark "Victoria and Richard MacKenzie-Childs, Ltd." was abandoned prior to the 2001 asset sale.  Pursuant to the terms of that sale, plaintiff purchased the intellectual property of the Companies, including the trademarks "MacKenzie-Childs, Ltd. 1983 Aurora New York" and "MacKenzie-Childs, Ltd. Aurora New York MC 1983."  While plaintiff contends that it also purchased rights to the mark "Victoria and Richard MacKenzie-Childs, Ltd.," that mark had been cancelled in 1995, six years prior to the asset sale.  Furthermore, according to the defendants, the mark had been abandoned as of 1993, when the original companies decided to stop using the names "Richard" and "Victoria" on the Companies' products.  As such, the mark "Victoria and Richard MacKenzie-Childs, Ltd.," was presumptively abandoned well before the asset sale ever took place, and if so, could not have been transferred in the asset sale. While there is no evidence in the current record to suggest that the mark was not abandoned, plaintiff should be given an opportunity to develop such evidence.  Accordingly, I deny defendants' motion for summary judgment on this issue.

I do, however, find that the defendants are entitled to an injunction maintaining the status quo with respect to defendants'

use of the mark "Victoria and Richard" and the thistle and torch logo, and prohibiting the plaintiff from interfering with the defendants' use of those marks.  To be entitled to a preliminary injunction, a party must demonstrate: (1) that it is subject to irreparable harm; and (2) that it will either likely succeed on the merits of the case, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief.  <u>Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.</u>, 596 F.2d 70, 72 (2nd Cir. 1979).

For the reasons set forth above, I find that the defendants will likely succeed on their claim that plaintiff does not own the trademark "Victoria and Richard MacKenzie-Childs, Ltd." Additionally, because the mark "Victoria and Richard" is not a derivative of any mark owned by the plaintiff, I find that defendants will likely succeed on their claim that they are entitled to use the mark "Victoria and Richard."  I further find that the defendants have sufficiently established that they will be irreparably harmed if their right to use the trademark "Victoria and Richard" is interfered with by the plaintiff.  In a trademark case, irreparable harm may be demonstrated by establishing likelihood of success on the merits, even in the absence of proof of actual injury to business.  <u>Hasbro, Inc. v. Lanard Toys, Ltd.</u>,

858 F.2d 70, 73 (2nd Cir. 1988)("In a Lanham Act case a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm.")

With respect to the thistle and torch emblem, questions of fact preclude any grant of summary judgment on the issue of whether or not the defendants' emblem infringes on the plaintiff's mark. While neither party has established that it will likely succeed on the merits with respect to infringement claims involving the thistle and torch emblem, the claims are legally cognizable and constitute a serious basis for litigation. See <u>Jackson Dairy, Inc.</u>, 596 F.2d at 72 (where party seeking injunction is unable to establish likelihood of success on the merits, party must demonstrate that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief).  In the instant case, the harm that would befall the defendants if they were not allowed to continue to use the design of their choosing is greater than the harm that would befall the plaintiff as a result of defendants' continued use of the logo.  The logo currently used by the defendants is used in conjunction with the mark "Victoria and Richard," and as such, there is little likelihood of confusion that could be created by the defendants' use of the logo.  I therefore enjoin plaintiff and counterclaim defendants from

interfering with the defendants' use of its thistle and torch emblem in conjunction with the mark "Victoria and Richard."

IV.   <u>Plaintiff's motion for Injunctive Relief</u>

Plaintiff seeks an injunction permanently enjoining the defendants from using the marks "MacKenzie-Childs," "Victoria and Richard Mackenzie-Childs," "Victoria and Richard," and the thistle logo used by V&R Emprise.  "To obtain a permanent injunction, a plaintiff must demonstrate (1) actual success on the merits and (2) irreparable harm." <u>Cartier v. Aaron Faber, Inc.</u>, 512 F.Supp.2d 165, 171 (S.D.N.Y.,2007)(citing <u>Gucci Am., Inc. v. Duty Free Apparel, Ltd.</u>, 286 F.Supp.2d 284, 290 (S.D.N.Y.2003)).

In the instant case, for the reasons set forth in section II above, I find that plaintiff has failed to establish actual success on the merits of its Lanham Act claims, and therefore I deny plaintiff's request for a permanent injunction.

<u>**CONCLUSION**</u>

For the reasons set forth above, I hereby:

1)   deny plaintiff's motion for summary judgment in its favor on the issue of infringement by defendants' use of the marks "Victoria and Richard" and the thistle and torch logo (Section II(A));

2)   deny plaintiff's motion for summary judgment seeking a declaration that it is entitled to use the mark "MacKenzie-Childs"

3) grant plaintiff's motion for summary judgment seeking a declaration that it is entitled to use the marks "MacKenzie-Childs, Ltd. 1983 Aurora New York" and "MacKenzie-Childs, Ltd. Aurora New York MC 1983." (Section II(A));

4) deny plaintiff's motion for summary judgment seeking a declaration that it is the owner of the mark "Victoria and Richard MacKenzie Childs, Ltd." (Section II(A));

5) deny plaintiff's motion for summary judgment seeking dismissal of defendants' Second Counterclaim alleging misrepresentation. (Section II(B));

6) deny plaintiff's motion for summary judgment seeking dismissal of defendants' Third and Fourth Counterclaims alleging violations of the Visual Artists Rights Acts (Section II(C));

7) deny plaintiff's motion for summary judgment seeking dismissal of defendants' Fifth and Sixth Counterclaims alleging violations of New York Civil Rights and General Business laws (Section II(D));

8) deny plaintiff's motion for summary judgment seeking dismissal of defendants' Seventh, Eighth, Ninth, and Tenth Counterclaims alleging misappropriation, unfair competition, deceptive business practices, and false advertising. (Section II(E));

9)   grant plaintiff's motion for summary judgment seeking dismissal of defendants' Eleventh Counterclaim alleging defamation (Section II(F));

10)  deny plaintiff's motion for summary judgment seeking dismissal of defendants' Twelfth Counterclaim alleging tortious interference with contract (Section II(G));

11)  deny plaintiff's motion for summary judgment seeking dismissal of defendants' Thirteenth and Fourteenth Counterclaims alleging violations of trademark law (Section II(H));

12)  deny defendant's motion for summary judgment seeking a declaration that it is entitled to use the trademark "Victoria and Richard" (Section III);

13)  deny defendants' motion for summary judgment seeking a declaration that it is entitled to use the thistle and torch logo (Section III);

14)  grant defendants' motion for a preliminary injunction and enjoin the plaintiff and counter-claim defendants from interfering with defendants' use of the mark "Victoria and Richard" and the thistle and torch logo (Section III);

15)  deny plaintiff's motion for injunctive relief. (Section IV).

Finally, due to the complexity of the issues presented in this case, and in light of the fact that discovery has not yet taken place, I direct the parties to enter into mediation before Magistrate Judge Payson. The parties shall contact Judge Payson to schedule the mediation. Discovery, and defendants' motion to

disqualify counsel shall be stayed pending the outcome of the mediation process.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
      MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          January 9, 2008