UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MACKENZIE-CHILDS, LLC AND
MACKENZIE-CHILDS AURORA LLC,

             Plaintiffs,             **DECISION**
v.                                 **and ORDER**

VICTORIA MACKENZIE-CHILDS, RICHARD
MACKENZIE-CHILDS and V&R EMPRISE, LLC,   06-CV-6107T


             Defendants.
_____

VICTORIA MACKENZIE-CHILDS, RICHARD
MACKENZIE-CHILDS, and V&R EMPRISE, LLC,

             Counterclaim Plaintiffs,
v.

PLEASANT ROWLAND, MACKENZIE-CHILDS, LTD.,
MCL ACQUISITION CORPORATION, MCNY ACQUISITION
CORPORATION, MACKENZIE-CHILDS OF NEW YORK,
LTD., LEE FELDMAN, MACKENZIE-CHILDS AURORA LLC,
MACKENZIE-CHILDS WORTH AVENUE LLC, MC NYC LLC,
MACKENZIE-CHILDS REAL ESTATE LLC, and
JOHN DOES 1-5,

             Counterclaim Defendants.
_____

## INTRODUCTION

     Plaintiffs MacKenzie-Childs, LLC and MacKenzie-Childs Aurora

LLC, manufacturers and sellers of ceramic goods and housewares,

bring this action pursuant to the Declaratory Judgment Act, the

Lanham Act, and New York state law claiming that the defendants

Victoria MacKenzie-Childs, Richard MacKenzie-Childs, and V&R

Emprise, Ltd., have, _inter alia_, infringed plaintiffs' trademarks

and engaged in unfair competition.  Specifically, plaintiffs

contend that they are the owners of the trademark "MacKenzie-Childs," and its derivatives, and that the defendants have infringed on this mark.  Plaintiffs seek a declaration that they are the owners of the mark "MacKenzie-Childs", and damages for defendants infringement of the plaintiffs' marks.

Defendants deny that the plaintiffs own the mark "MacKenzie-Childs," and therefore claim that they have not infringed upon plaintiffs' mark.  Defendants further contend that because they own the rights to the mark "MacKenzie-Childs," the plaintiffs, and third-party defendants, are infringing upon that mark.

In 2007, the parties moved for summary judgment on several of the claims and counterclaims raised respectively in the plaintiff's Original Complaint and the defendants' Answer and Counterclaims. By Decision and Order dated January 9, 2008, I held in-part that the plaintiffs were entitled to use the marks "MacKenzie-Childs, Ltd. 1983 Aurora New York" and "MacKenzie-Childs, Ltd. Aurora New York MC 1983", but held that the record was incomplete with respect to plaintiffs' entitlement to use of the mark  "MacKenzie-Childs." I further granted defendants' motion for an injunction preventing the plaintiffs from interfering with defendants' use of the mark "Victoria and Richard" and a stylized thistle and torch logo.

Since that ruling, the parties have filed amended pleadings in which many of the claims made in the original Complaint and Counterclaim have been restated.  The plaintiffs, however, no

longer makes any claims against the defendants based on their use of the mark "Victoria and Richard" or the thistle and torch logo. The parties have also engaged in extensive discovery on the issues of the ownership and/or use of the mark "MacKenzie Childs." Based on the new information contained in the record, the parties again move for summary judgment. Specifically, plaintiffs seek a declaratory judgment that they are the owners of the mark "MacKenzie-Childs," and dismissal of the defendants' counterclaims. Defendants seek a declaration that they are entitled to use of the marks "Victoria and Richard" and "MacKenzie-Childs" as well as judgment in their favor with respect to their counterclaims.

For the reasons set forth below, I grant plaintiffs' motion for a declaratory judgment that it is the rightful owner of the marks "MacKenzie-Childs" and "MacKenzie-Childs, Ltd." and their derivatives. I further grant plaintiffs' motion for summary judgment with respect to the defendants' counterclaims. I deny defendants' request for a declaratory judgment that they are entitled to use of the mark "Victoria and Richard," and deny their motion for summary judgment with respect to plaintiffs claims of trademark infringement and unfair competition.

## BACKGROUND

The factual background of this case was set forth in my January 9, 2008 Decision and Order as follows: In 1974, Defendants Richard Childs ("Richard") and Victoria MacKenzie ("Victoria")

married.  In 1983, they began making and selling ceramic goods of their own design.  In 1985, the couple decided to incorporate their business, and incorporated under the name "Victoria and Richard MacKenzie-Childs, Ltd."   Sometime thereafter, the company registered two trademarks: "Victoria and Richard MacKenzie-Childs, Ltd." and "MacKenzie-Childs, Ltd. 1983 Aurora New York."   The company also registered the mark "MacKenzie-Childs, Ltd. Aurora New York MC 1983."   By 1995, the company decided to stop using the first names of Victoria and Richard in the Company's logos, and in that same year, abandoned the trademark "Victoria and Richard MacKenzie-Childs, Ltd." According to the defendants, the company's products did not bear any mark using the first names of Victoria and Richard after 1995.

In 1999, Richard and Victoria incorporated a second company, "MacKenzie-Childs, NY, Ltd." In the late 1990's, Victoria and Richard MacKenzie-Childs, Ltd. and MacKenzie-Childs, NY, Ltd. (collectively the MacKenzie-Childs Companies") experienced a downturn in business, and in 2000, the companies were several million dollars in debt.  According to the defendants, the bank which held most of the companies' debt installed a new President of the Companies, MacDonell Roehm, Jr. ("Roehm"), and shortly thereafter, Roehm (allegedly against the wishes of Richard and Victoria) began looking for ways to reorganize the MacKenzie-Childs Companies and limit the bank's losses.

According to the defendants, Roehm approached Third-Party Defendant Pleasant Rowland ("Rowland") to determine whether or not she was interested in investing in the MacKenzie-Childs Companies. Thereafter, according to the defendants, Rowland purchased (at a discount) the Companies' debt from the bank, and, on the same day that she purchased the debt, called the MacKenzie-Childs Companies' loan. Because the Companies were unable to repay the debt, they were required to seek bankruptcy protection.

With the MacKenzie-Childs Companies in bankruptcy, Rowland created two acquisition companies, and through those companies, made an offer to purchase the assets of the MacKenzie-Childs Companies. The purchase offer was accepted by Roehm and approved by the bankruptcy court. Shortly after the asset sale was completed, Roehm took a position with Rowland's new Company which had purchased the MacKenzie-Childs Companies' assets.

Pursuant to the terms of the asset sale, the MacKenzie-Childs Companies agreed to sell, <u>inter</u> <u>alia</u>, "All Intellectual Property . . . and all goodwill associated with the foregoing. . . ." Asset Purchase Agreement at p. 2. "Intellectual Property" is defined in the Asset Purchase Agreement in relevant part as

> mean[ing] all intellectual property, including, without limitation, . . . all trademarks, service marks, trade dress, logos, trade names, brand names and corporate names (including, without limitation, the name "MacKenzie-Childs", and all derivatives thereof), together with all translations, adaptations, derivations, and combinations

> thereof and including all good will associated
> therewith, and all applications,
> registrations, and renewals in connection
> therewith . . . .

Asset Purchase Agreement at p. 37.

Following the completion of the sale of the MacKenzie-Childs Companies' assets, Rowland renamed her acquisition companies MacKenzie-Childs, Ltd., and MacKenzie-Childs of New York, Ltd. The company formerly known as Victoria and Richard MacKenzie-Childs, Ltd. was renamed MC Aurora, Ltd., and the company formerly know as MacKenzie-Childs, NY, Ltd. was renamed MC Madison, Ltd. (collectively, "MacKenzie Childs II")

According to the defendants, following the sale of the assets of the MacKenzie-Childs Companies, Rowland offered Victoria and Richard $10,000,000 not to compete with Rowland's companies, and not to use their name in competition with her companies. Richard and Victoria declined Rowland's offer, and defendants claim that as a result, Rowland (who owned much of the couples' personal debt) called Richard and Victoria's personal loans, and thereby caused Richard and Victoria to file for personal bankruptcy protection. Richard and Victoria contend that Rowland purchased many of the couples' personal assets and property in the bankruptcy proceeding.

In 2005, Richard and Victoria decided to reenter the ceramics business, and incorporated a company known as V&R Emprise, LLC. V&R Emprise branded its products with a logo consisting of the names "Victoria and Richard" and an emblem design incorporating a

torch, bearing stylized "V" and "R" initials, and the word "emprise", and a thistle (the "Emprise logo"). V&R Emprise filed trademark applications for the logos, which plaintiff has opposed.

On February 22, 2006, Plaintiff Mackenzie-Childs, Ltd. filed suit against Richard and Victoria, and V&R Emprise, LLC., claiming that the defendants were infringing upon their trademarks. Plaintiff sought an injunction prohibiting the defendants from using the names "MacKenzie-Childs," "Victoria and Richard MacKenzie-Childs," "Victoria and Richard," and the thistle design used by V&R Emprise. Since the filing of the complaint, Rowland sold her MacKenzie-Childs companies. By Amended Complaint dated August 18, 2008, plaintiffs MacKenzie-Childs LLC and MacKenzie-Childs Aurora LLC, as successors in interest to MacKenzie Childs II, seek a declaration from the court that they are the rightful owners of the mark "MacKenzie-Childs." Plaintiffs make no claims with respect to the defendants' use of the mark "Victoria and Richard" or the Emprise Logo.

The defendants assert several counterclaims against Mackenzie-Childs, Ltd., Pleasant Rowland, and MacKenzie-Childs of New York, Ltd. The defendants contend that because they own the mark "MacKenzie-Childs," any use of such mark by the plaintiffs constitutes infringement. Defendants contend that the plaintiffs do not own the MacKenzie-Childs mark because the original MacKenzie-Childs Companies did use that name, and did not

trademark that name, and therefore, could not have conveyed the mark in the Asset Purchase Agreement.  The defendants further claim that the plaintiffs have violated a host of federal and state laws by using the name "MacKenzie-Childs" in connection with their goods.

## **DISCUSSION**

I.   Summary Judgment Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

II.   Plaintiffs' Motion for Summary Judgment

A.   Declaratory Judgment

Plaintiffs seek a declaratory judgment that they are the owners of the mark "MacKenzie-Childs" and its derivatives,

including "Mackenzie-Childs, Ltd." Plaintiffs claim that this mark was purchased pursuant to the asset purchase agreement, in which the plaintiffs' predecessors purchased the intellectual property of the MacKenzie-Childs Companies. Specifically, that purchase included "all intellectual property, including, without limitation, . . . all trademarks, service marks, trade dress, logos, trade names, brand names and <u>corporate names</u> (<u>including, without limitation, the name "MacKenzie-Childs", and all derivatives thereof</u>) . . . ." (emphasis added).

While the asset purchase agreement clearly and unambiguously provides that the Mackenzie Child Companies had sold to Rowland and her companies the "MacKenzie-Childs" name and mark, I previously declined to grant plaintiffs' request for a declaratory judgment on the issue because I found the record at the time to be incomplete with respect to whether or not the MacKenzie-Childs Companies actually owned the mark they purportedly sold. As I stated in my January 9, 2008 Decision and Order:

> There is no evidence in the record to suggest that the original [MacKenzie-Childs] Companies ever trademarked the name "MacKenzie-Childs" standing alone, nor is there any evidence to suggest that either Richard or Victoria, as individuals, authorized any entity to use the name "MacKenzie-Childs" standing alone. Accordingly, despite the fact that the asset purchase agreement purported to sell the name "MacKenzie-Childs" to the plaintiff, there is no evidence in this record to suggest that the original [MacKenzie-Childs] Companies had the authority to convey that trademark.

January 9, 2008 Decision and Order at p. 11

Since that Decision was issued, however, the parties have engaged in extensive discovery on the issue of whether or not the Mackenzie-Childs Companies ever used the mark or name "MacKenzie-Childs" with respect to their companies or products. As a result of that discovery, the undisputed evidence in the record now demonstrates clearly and unambiguously that the MacKenzie-Childs companies did in fact use the mark "MacKenzie-Childs" in the conduct of their business, and therefore, I find that at the time of the asset purchase agreement, the MacKenzie-Childs Companies owned the trademark "MacKenzie-Childs" and accordingly, that mark was properly and lawfully sold to MacKenzie-Childs II.

The evidence reveals that in 1998 and 1999, the MacKenzie-Childs Companies spent over $1,000,000 on a print ad campaign in which the company identified itself <u>only</u> as "MacKenzie-Childs" Indeed, the name "MacKenzie-Childs" was followed with the "TM" symbol, indicating that the name "MacKenzie-Childs" was trademarked. The typeface used in several of the ads was designed by Victoria MacKenzie-Childs herself, and the campaign was paid for by the MacKenzie-Childs Companies. In the face of this evidence, Richard MacKenzie-Childs admitted that prior to the asset purchase sale, the MacKenzie-Childs Companies had in fact used the name "MacKenzie-Childs", standing alone, in promoting their companies and products. Deposition Testimony of Richard MacKenzie-Childs at p. 128.

Defendants' contentions that the use of the mark "MacKenzie-Childs" was de minimus, unauthorized by the MacKenzie-Childs Companies, not intended to promote the MacKenzie-Childs companies, or were intended to promote only the MacKenzie-Childs' as individuals, is not borne out by the record.  The undisputed evidence overwhelming demonstrates that the MacKenzie-Childs Companies routinely identified and marketed their companies using the mark "MacKenzie-Childs."  As a result of  their use of the mark "MacKenzie-Childs", the MacKenzie-Childs Companies obtained rights to the mark: rights they later sold in the Asset Purchase Agreement to MacKenzie Childs II.  See American Footwear Corp. v. General Footwear Co., 609 F.2d 655, 662-64 (2nd Cir. 1979)(trademark rights derive from use of the marks in the marketplace).  Because the MacKenzie-Childs Companies, and not the MacKenzie-Childs' as individuals, owned the rights to the mark "MacKenzie-Childs", the MacKenzie-Childs Companies had the lawful right to convey those marks, which they did in the asset purchase agreement.  I therefore grant the plaintiffs' motion for a declaratory judgment that the plaintiffs are the owners of the mark "MacKenzie-Childs" and its derivatives.

    B.    Misrepresentation under 15 U.S.C. § 1125a

    Defendants contend in their Second Counterclaim that the plaintiffs have misrepresented the source of the goods they create, and have tried to create the impression that their goods are made

by Richard and Victoria, all in violation of 15 U.S.C. § 1125(a).
Plaintiffs deny the defendants' allegations, and move for summary
judgment dismissing this claim.

15 U.S.C. § 1125a provides in relevant part that:

> (1) Any person who, on or in connection with
> any goods or services, or any container for
> goods, uses in commerce any word, term, name,
> symbol, or device, or any combination thereof,
> or any false designation of origin, false or
> misleading description of fact, or false or
> misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause
> mistake, or to deceive as to the affiliation,
> connection, or association of such person with
> another person, or as to the origin,
> sponsorship, or approval of his or her goods,
> services, or commercial activities by another
> person, or
>
> (B) in commercial advertising or promotion,
> misrepresents the nature, characteristics,
> qualities, or geographic origin of his or her
> or another person's goods, services, or
> commercial activities,
>
> shall be liable in a civil action by any
> person who believes that he or she is or is
> likely to be damaged by such act.

Plaintiffs move for summary judgment against the defendants
with respect to this claim on grounds that the plaintiffs own the
trademark names at issue, and therefore cannot be liable for using
the trademarked names in commerce. As I held in my January 9, 2008
Decision and Order, because I found that the plaintiffs are the
owners of the marks "MacKenzie-Childs, Ltd. 1983 Aurora New York"
and "MacKenzie-Childs, Ltd. Aurora New York MC 1983", use of those

names does not constitute misrepresentation. Moreover, because I now find that plaintiffs are the rightful owners of the marks "MacKenzie Childs," I find that defendants cannot state a claim for misrepresentation based on the plaintiffs' use of that mark. Because the defendants have failed to produce evidence that the plaintiffs have used any mark or name that they are not entitled to use in advertising, promoting, or identifying their goods, I find that the defendants have failed to state a cause of action for misrepresentation, and I therefore grant plaintiffs' motion for summary judgment, and dismiss this claim.

    C.   <u>Visual Artist Rights Act</u>

Defendants Richard and Victoria claim in the Third and Fifth Causes of Action of their Counterclaim that the plaintiffs have used Richard and Victoria's names on works of art which were not created by them, and by so doing, have violated the Visual Artists Rights Act. Richard and Victoria further contend that the plaintiffs and counterclaim defendants have intentionally mutilated, distorted, or otherwise modified their works of art in violation of the Visual Artists Rights Act.

Section 106A of the Visual Artists Rights Act ("VARA") provides in relevant part that:

> the author of a work of visual art . . . shall have the right . . . to prevent the use of his or her name as the author of any visual work of art which he or she did not create . . . [and] shall have the right to prevent the use of his or her name as the author of a visual

> work of art in the event of a distortion,
> mutilation, or other modification of the work
> which would be prejudicial to his or her honor
> or reputation; and . . . subject to [certain]
> limitations . . . . shall have the right to
> prevent any intentional distortion,
> mutilation, or other modification of that work
> which would be prejudicial to his or her honor
> or reputation, and any intentional distortion,
> mutilation, or modification of that work is a
> violation of that right . . . .

17 U.S.C. § 106A. Accordingly, to state a claim under VARA, a plaintiff must first establish that he or she is the author of a visual work of art as that term is defined under VERA.

A "work of visual art" is defined under VERA in relevant part as:

> a painting, drawing, print, or sculpture,
> existing in a single copy, in a limited
> edition of 200 copies or fewer that are signed
> and consecutively numbered by the author, or,
> in the case of a sculpture, in multiple cast,
> carved or fabricated sculptures of 200 or
> fewer that are consecutively numbered by the
> author and bear the signature or other
> identifying mark of the author . . . .

17 U.S.C. § 101.

Plaintiffs move for summary judgment against Richard and Victoria with respect to their claims under the Visual Artists Rights Act on grounds that the defendants have failed to allege that the plaintiffs have used the defendants' names on any work of visual art, and further contend that such an allegation would be impossible, because plaintiffs have not created any works of visual art as that term is defined under VARA.

While I held in January 2008 that the defendants had stated a claim under VARA, and that the record was incomplete for purposes of the plaintiffs' then-pending summary judgment motion, now that discovery is completed, I find that the defendants have failed to satisfy the elements of a claim under VARA.  Specifically, there is no evidence that Richard or Victoria created visual works of art that are subject to the protections of VARA.  Additionally, there is no evidence that the plaintiffs have violated VARA.  There is no evidence that the plaintiffs created visual works of art bearing the names of Richard or Victoria.  Moreover, the record reveals that to the extent the plaintiffs used the name "MacKenzie-Childs" to identify the products they manufactured, the use of the name was permissible pursuant to the plaintiffs' trademark rights.  Accordingly, I grant the plaintiffs' motion for summary judgment, and dismiss defendants' claims under VARA.

D.    Copyright Infringement

Defendants claim in the Fourth Cause of Action of their Counterclaim that plaintiffs have infringed on their copyrights in violation of 17 U.S.C. § 501.  Defendants, however, have failed to identify any copyrights they own that have been infringed upon by the defendants.  To the extent that defendants claim that the plaintiffs have violated copyrights of the MacKenzie-Childs Companies, no such claim can be stated as those copyrights were transferred to MacKenzie-Childs II pursuant to the asset purchase

agreement.   Because  defendants  have  failed  to  establish  the
existence of copyrights that they own that have been infringed upon
by the plaintiffs, I grant plaintiffs' motion for summary judgment,
and dismiss this claim.

> E.   New York Civil Rights Law, Section 133 of the New York
>      General    Business    Law,    Misappropriation,    Unfair
>      Competition,  Deceptive  Acts,  False  Advertising  and
>      <u>defamation</u>

In  the  Sixth  and  Seventh  Causes  of  Action  of  their
Counterclaim, Richard and Victoria allege that the plaintiffs' use
of the name "MacKenzie-Childs" violates defendants' rights under
Sections 50 and 51 of the New York Civil Rights Law and Section 133
of the New York Business Law.   In the Eighth Cause of Action of
their  Counterclaim,  defendants  contend  that  the  plaintiffs
misappropriated the name "MacKenzie-Childs" and have unlawfully
used that name in connection with their business.   Defendants'
Ninth  Counterclaim  alleges  that  the  plaintiffs'  use  of  the
trademark  "MacKenzie-Childs"  constitutes  unfair  competition
pursuant to Section 360-l of the New York General Business Law.
Defendants' Tenth Counterclaim alleges that the plaintiffs' use of
the trademark "MacKenzie-Childs" constitutes a deceptive business
practice under Section 349 of the New York General Business Law.
Defendants' Eleventh Counterclaim alleges that the plaintiffs and
counterclaim defendants engaged in false advertising by using the
name "MacKenzie-Childs" in commerce in violation of Section 350 of
the New York General Business Law.

Because I find that the plaintiffs' use of the mark "MacKenzie-Childs" is lawful pursuant to their purchase of that mark in the asset purchase agreement, I deny the defendants' claims, and grant plaintiffs' motion for summary judgment with respect to these counterclaims.

F.    Tortious Interference with Business Relations

Defendants' Twelfth Cause of Action alleges that the plaintiffs have tortiously interfered with defendants' business relationships by threatening the defendants' clients, and attempting to induce those clients not to sell the defendants' goods.

To state a claim for tortious interference with business relations, the plaintiff must show: (1) business relations with a third party; (2) interference with those relations; (3) that the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) injury to the plaintiff. Scutti v. Park Place Entertainment Corp., 322 F.3d 211, 215 (2003). Under New York law, if a defendant acts at least in part to advance its own interests, then an action for interference with prospective business relations cannot be maintained under the theory that the defendant acted with the sole purpose of harming the plaintiff. PPX Enterprises Inc. v. Audiofidelity Enterprises, Inc., 818 F.2d 266 (2nd Cir. 1987); Building Industry Fund v. Local Union No. 3, Intern. Brotherhood of Electrical Workers, AFL-CIO, 992 F.Supp.

162; (E.D.N.Y.) on reconsideration, 992 F.Supp. 192; aff'd 141 F.3d 1151 (2nd Cir. 1996). To state a claim in cases where the defendant does act at least in part out of self economic interest, a plaintiff alleging tortious interference with business relations must allege that the defendant engaged in "wrongful means" in so interfering. 71 Pierrepont Associates v. 71 Pierrepont Corp., 663 N.Y.S.2d 263, 263-64 (N.Y.A.D. 2nd Dept. 1997). "Wrongful means" include "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure; they do not, however, include persuasion alone although it is knowingly directed at interference with the contract" Guard-Life Corp. v. S. Parker Hardware Manufacturing Corp., 50 N.Y.2d 183, 191 (N.Y., 1980).

In the instant case, the defendants allege that the plaintiffs interfered with their business relations by, inter alia, threatening retailers not to sell Richard and Victoria's goods, alleging that Richard and Victoria were infringing on the plaintiffs' copyrights, and asking retailers not to intermix defendants' goods with the plaintiffs' goods. Defendants' however, have failed to establish a cause of action for tortious interference because the undisputed evidence demonstrates that the plaintiffs were acting out of economic self-interest when they requested that retailers not mix the defendants' goods with their own, and not facilitate copyright infringement by the defendants.

Equally fatal to defendants' claim is the fact that defendants have failed to establish that the plaintiffs' actions resulted in any harm to them. Richard MacKenzie-Childs testified that he could not recall that any sale was cancelled or business lost as a result of the plaintiffs' alleged conduct. Deposition Testimony of Richard MacKenzie-Childs at pp. 58-63. Nor is there any other objective evidence in the record to demonstrate that the defendants were harmed by the plaintiffs' actions.

Because there is no evidence that the plaintiffs used improper means in contacting or interacting with retailers, and because there is no evidence that plaintiffs' actions harmed the plaintiffs, defendants have failed to establish a claim for tortious interference with business relations, and I therefore grant plaintiffs' motion for summary judgment with respect to this claim.

G.    Fraud on the Trademark Office and Cancellation of Trademarks.

Defendants' Thirteenth Counterclaim seeks a declaration from this Court preventing the trademark office from issuing the trademark "MacKenzie-Childs" to the plaintiff. According to the Counterclaim, the plaintiff fraudulently failed to inform the trademark office that the name "MacKenzie-Childs" is the name of living persons, and that those living persons object to the use of their names by the plaintiff.

Defendants' Fourteenth Counterclaim seeks a cancellation of the trademarks "MacKenzie-Childs, LTD. Aurora, New York MC 1983" and "MacKenzie-Childs, LTD. 1983 Aurora, New York" on grounds that the plaintiff has used those marks in an intentionally deceptive way.

Because I find that plaintiffs purchased the "MacKenzie-Childs" mark from the MacKenzie-Childs Companies pursuant to the asset purchase agreement, and because the mark "MacKenzie-Childs" was used by the MacKenzie-Childs Companies to identify the source of the goods made by the Companies, I find that defendants' claim that the plaintiffs' fraudulently failed to identify the proposed mark "MacKenzie-Childs" as being the name of living persons who opposed the use of the mark is without merit. The mark was used by the MacKenzie-Childs Companies to identify the companies, not Richard and Victoria. Accordingly, the plaintiffs' did not commit fraud when attempting to register the mark for the purpose of continuing its use as identifying the goods made by MacKenzie-Childs II.

With respect to the plaintiffs' use of the marks "MacKenzie-Childs, LTD. Aurora, New York MC 1983" and "MacKenzie-Childs, LTD. 1983 Aurora, New York", both of which are owned by the plaintiffs, I find that the defendants have failed to produce any evidence that those marks have been used in any improper way. I therefore grant

plaintiffs' motion for summary judgment with respect to the defendants' Thirteenth and Fourteenth counter claims.

   III.  <u>Defendants' motion for Summary Judgment</u>

   A.   <u>Declaratory Relief</u>

   Defendants move for partial summary judgment seeking a declaration that they are entitled to use the trade name "Victoria and Richard." In my January 9, 2008 Decision and Order, I granted defendants' request for an injunction prohibiting plaintiffs from interfering with the defendants use of that mark, and use of the VR Emprise logo. Since that ruling, the plaintiffs have withdrawn their claims regarding defendants use of the "Victoria and Richard" mark and the logo, and have affirmatively stated that at this time, they have no objection to the defendants use of those marks. As a result there is no current dispute between the parties with respect to the use of the mark "Richard and Victoria," and I therefore deny defendants' request for a declaratory judgment. <u>See</u> <u>The New York Times Co. v. Gonzales</u>, 459 F.3d 160, 165 (2nd Circ. 2006)(pursuant to the Declaratory Judgment Act, district court may only issue declaratory relief if there is an actual case or controversy within its jurisdiction); <u>Weisberg v. Smith</u>, 401 F.Supp.2d 359, 362 (S.D.N.Y. 2005)(declaratory judgment may not be issued when no case or controversy exists between the parties).

B.    <u>Trademark Infringement and Unfair Competition</u>

Plaintiffs allege in counts Two and Three of their Amended Complaint that the defendants have infringed upon plaintiffs' trademarks in violation of Sections 43(a) and 32(1) of the Lanham Act, and have engaged in unfair competition.  Defendants move for summary judgment dismissing these claims on grounds that because they have not used the name "MacKenzie-Childs" in their new business ventures, plaintiffs can not establish any trademark infringement.

As stated above, Section 43(a) of the Lanham Act, in relevant part, prohibits, under penalty of liability, persons from using in commerce any name or symbol, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. 29 U.S.C. § 1125(a). Section 32(1) of the Lanham Act provides in relevant part that:

> (1) Any person who shall, without the consent of the registrant--
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to

cause confusion, or to cause mistake, or to
deceive; or

(b) reproduce, counterfeit, copy, or colorably
imitate a registered mark and apply such
reproduction, counterfeit, copy, or colorable
imitation to labels, signs, prints, packages,
wrappers, receptacles or advertisements
intended to be used in commerce upon or in
connection with the sale, offering for sale,
distribution, or advertising of goods or
services on or in connection with which such
use is likely to cause confusion, or to cause
mistake, or to deceive,

shall be liable in a civil action by the
registrant for the remedies hereinafter
provided. Under subsection (b) hereof, the
registrant shall not be entitled to recover
profits or damages unless the acts have been
committed with knowledge that such imitation
is intended to be used to cause confusion, or
to cause mistake, or to deceive.

15 U.S.C. § 1114(1).

There is evidence in the record that Victoria and Richard have
attempted to cause confusion in the marketplace by selling their
products along side the plaintiffs' products, and personally
appearing at a location near a "barn sale" held by the plaintiffs
for the purpose of signing purchased products. There is further
evidence that the defendants have held themselves out as the source
of "the real MacKenzie-Childs work." This evidence raises
questions of fact as to whether or not the defendants have engaged
in unfair competition in violation of Section 43(a) of the Lanham
Act or trademark infringement in violation of Section 32(1) of that

Act.  Accordingly, I deny defendants' motion for summary judgment with respect to those claims.

## CONCLUSION

For the reasons set forth above, I grant the plaintiffs' motion for a declaratory judgment that they are the rightful owners of the marks "Mackenzie-Childs" and "MacKenzie-Childs, Ltd."  I further grant plaintiffs' motion for summary judgment with respect to all of the defendants' counterclaims, and dismiss those counterclaims.  Finally, I deny defendants' motion for a declaratory judgment, and for summary judgment with respect to plaintiffs' claims of trademark infringement and unfair competition.


ALL OF THE ABOVE IS SO ORDERED.

                                    S/ Michael A. Telesca
                              _____
                                    MICHAEL A. TELESCA
                              United States District Judge

DATED:    Rochester, New York
          January 30, 2010